UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SANDRA BENNETT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| TRUEACCORD CORP., RESURGENT ) | |
| CAPITAL SERVICES L.P., LVNV ) | |
| FUNDING, L.L.C., & JOHN DOES 1-10 ) | |
| ) | Jury Trial Demanded |
| Defendants. ) | |

## COMPLAINT

### INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA") in their illegal efforts to collect a consumer debt.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d)

3. Venue is proper in this District because the acts and omissions occurred here, Plaintiff resides here and Defendant transacts business here.

### PARTIES

4. Plaintiff Sandra Bennett ("Plaintiff") is a natural person who resides in Knox County, Tennessee, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant TrueAccord Corp. ("TrueAccord") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Resurgent Capital Services, L.P. ("Resurgent") is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the parent company to Defendant LVNV Funding, LLC who manages the account for Defendant LVNV funding.

7. Defendant LVNV Funding, L.L.C., ("LVNV") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendants John Doe 1-10 are unknown employees of Defendant TrueAccord that jointly and separately utilize the fictitious name and email address as Eric Lee ("Lee") and each is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FAIR DEBT COLLECTION PRACTICES ACT

9. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. See 15 U.S.C. §§ 1692 *et seq.*

10. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . . , and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692 (a), (b), and (c).

11. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692 (e).

12. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970

2

Case 3:20-cv-00302-CLC-DCP   Document 1   Filed 07/08/20   Page 2 of 11   PageID #: 2

F.2d 1516, 1521 (6th Cir. 1992)"; see also *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

## FACTUAL ALLEGATIONS

13. Defendants alleged Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a debt alleged to have been originally owed to Synchrony Bank for a Sam's Club credit card ("Synchrony")

14. After default, LVNV and/or Resurgent purchased, was referred, or otherwise acquired the debt for purposes of collection from Plaintiff.

15. Resurgent is regularly engaged in collection of consumer debts owed, or due or asserted to be owed or due another, and attempts to collect the debts by sending collection letters, and/or, hiring a third party to attempt to collect the debt.

16. LVNV is regularly engaged in collection of consumer debts owed, or due or asserted to be owed or due another, and attempts to collect the debts by making telephone calls, sending collection letters, and/or, hiring a third party to attempt to collect the debt.

17. TrueAccord is regularly engaged in collection of consumer debts owed, or due or asserted to be owed or due another, and attempts to collect the debts by email.

18. John Does 1-10 are employees of TrueAccord who are regularly engaged in collection of consumer debts owed, or due or asserted to be owed or due another, and attempts to collect the debts by email.

*Collection Communications*

19. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. 15 U.S.C. § 1692a(2).

20. On or about June 11, 2020 Defendants TrueAccord and Does under the name Eric Lee emailed a collection letter to Plaintiff in an attempt to collect the debt. **Copy of the June 11, 2020 email attached as Exhibit 1 to this Complaint.**

21. The June 11, 2020 email alleged that Plaintiff owes LVNV $5,862.55. **Ex.1.**

22. The June 11, 2020 email was sent to Plaintiff by Defendants TrueAccord and Does in connection with collection of the debt and in an attempt to collect the debt, and conveyed information regarding the debt, including that LVNV was the current creditor alleged to be owed the debt being collected, and the amount alleged as owed, and is a "communication". 15 U.S.C. § 1692a(2); **Ex.1.**

23. The June 11, 2020 email sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the balance owed on alleged an outstanding balance for credit card purchases with Synchrony Bank. **Ex.1.**

24. On June 15, 2020, attorney Brent S. Snyder mailed a validation and cease and desist letter to Defendant TrueAccord informing it of his representation of Plaintiff and to only correspond with him. **Copy of the June 15, 2020 letter attached as Exhibit 2 to this Complaint.**

25. On or about June 15, 2020 Defendants TrueAccord and Does emailed a second collection letter to Plaintiff in an attempt to collect the debt. **Copy of the June 15, 2020 email attached as Exhibit 3 to this Complaint.**

26. The June 15, 2020 email alleged that Plaintiff owes LVNV $5,862.55. **Ex.3.**

27. The June 15, 2020 email was sent to Plaintiff by Defendants TrueAccord and Does in connection with collection of the debt and in an attempt to collect the debt, and conveyed information regarding the debt, including that LVNV was the current creditor alleged to be owed the debt being collected, and the amount alleged as owed, and is a "communication". 15 U.S.C. § 1692a(2); **Ex.3.**

28. The June 15, 2020 email sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the balance owed on alleged an outstanding balance for credit card purchases with Synchrony Bank. **Ex.3.**

29. On June 15, 2020, attorney Brent S. Snyder sent the previous mailed validation and cease and desist letter to Defendant TrueAccord and Doe by email to Eric Lee informing them of his representation of Plaintiff and to only correspond with him. **Copy of the June 15, 2020 letter sent vial email attached as Exhibit 4 to this Complaint.**

30. On or about June 22, 2020 Defendants TrueAccord and Does emailed a third collection letter to Plaintiff in an attempt to collect the debt. **Copy of the June 22, 2020 email attached as Exhibit 5 to this Complaint.**

31. The June 22, 2020 email was sent to Plaintiff by Defendants TrueAccord and Does in connection with collection of the debt and in an attempt to collect the debt, and conveyed information regarding the debt, including that LVNV was the current creditor alleged to be owed the debt being collected, and the amount alleged as owed, and is a "communication". 15 U.S.C. § 1692a(2); **Ex.5.**

32. The June 22, 2020 email sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the

balance owed on alleged an outstanding balance for credit card purchases with Synchrony Bank. **Ex.5.**

33. Upon information and belief TrueAccord informed Resurgent and/or LVNV that Plaintiff had inquired, disputed, or otherwise communicated with it regarding the debt.

34. On or about June 26, 2020 Defendant Resurgent mailed a collection letter to Plaintiff in an attempt to collect the debt. **Copy of the June 26, 2020 letter attached as Exhibit 6 to this Complaint.**

35. The June 26, 2020 letter was sent to Plaintiff by Defendant Resurgent in connection with collection of the debt and in an attempt to collect the debt, and conveyed information regarding the debt, including that LVNV was the current creditor alleged to be owed the debt being collected, and the amount alleged as owed, and is a "communication". 15 U.S.C. § 1692a(2); **Ex.6.**

36. The June 26, 2020 letter sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the balance owed on alleged an outstanding balance for credit card purchases with Synchrony Bank. **Ex.6.**

37. On or about June 26, 2020 Defendant Resurgent mailed a second collection letter to Plaintiff in an attempt to collect the debt. **Copy of the second June 26, 2020 letter attached as Exhibit 7 to this Complaint.**

38. The June 26, 2020 letter was sent to Plaintiff by Defendant Resurgent in connection with collection of the debt, stating that it had received a recent inquiry regarding the debt[1] and in an attempt to collect the debt, and conveyed information regarding the debt, including

---

[1] Plaintiff has no knowledge of making an inquiry to Resurgent and had never heard of Resurgent until receiving the June 26, 2020 letters.

that LVNV was the current creditor alleged to be owed the debt being collected, and the amount alleged as owed, and is a "communication". 15 U.S.C. § 1692a(2); **Ex.7.**

39. The June 26, 2020 letter sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the balance owed on alleged an outstanding balance for credit card purchases with Synchrony Bank. **Ex.7.**

### *Continued Contact after Knowledge Consumer was Represented by Counsel*

40. The FDCPA states:

    > Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
    >
    > (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

    15 U.S.C. § 1692c(a).

41. As stated above, Plaintiff informed Defendant TrueAccord and Defendants Does on about June 15, 2020 by letter and email that she was represented by an attorney and provided the attorney's name and contact information.

42. Despite having actual knowledge of representation, on or about June 22, 2020 Defendants TrueAccord and Does contacted Plaintiff directly by email as set forth in **Ex. 5.**

43. Prior to contacting the Plaintiff as described above on June 22, 2020 and after notice of representation was provided to Defendants, Plaintiff's attorney never consented to direct communication with Plaintiff by Defendants in connection with collection of the debt.

44. By communicating with Plaintiff directly in connection with the collection of the debt when Defendants TrueAccord and Does had actual knowledge that Plaintiff was represented by an attorney with respect to the alleged debt, Defendant violated 15 U.S.C. § 1692c(a)(2), and this communication is a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692f.

45. Upon information and belief TrueAccord informed Resurgent and/or LVNV that Plaintiff had inquired, disputed, or otherwise communicated with it regarding the debt.

46. Despite having actual knowledge of representation, on or about June 26, 2020 Defendant Resurgent contacted Plaintiff directly by mail as set forth in **Ex. 6&7.**

47. Prior to contacting the Plaintiff as described above on June 26, 2020 and after notice of representation was provided to Defendants, Plaintiff's attorney never consented to direct communication with Plaintiff by Defendants in connection with collection of the debt.

48. By communicating with Plaintiff directly in connection with the collection of the debt when Defendant Resurgent had actual knowledge that Plaintiff was represented by an attorney with respect to the alleged debt, Defendant violated 15 U.S.C. § 1692c(a)(2), and this communication is a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692f.

*Communications That Were Overshadowing and Inconsistent with Plaintiff's Right to Dispute*

49. The FDCPA 15 U.S.C. §1692g(b) states:

Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt.

50. The communications by TrueAccord and Does on June 15 and June 22, 2020 with Plaintiff occurred prior to the expiration of the 30-day period after Plaintiff's receipt of the June 11, 2020 collection email would make the least sophisticated consumer confused and/or uncertain as to his or her rights, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and these communications within the thirty-day period described in 15 U.S.C. § 1692g(a) both overshadowed and were inconsistent with the disclosure of Plaintiff's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

## *Respondeat Superior Liability*

51. In addition to their individual liability under the FDCPA, the acts and omissions of TrueAccord and Does as agents for LVNV and/or Resurgent and who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principal, Resurgent/LVNV.

52. The acts and omissions by TrueAccord and Does were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Resurgent/LVNV in collecting consumer debts.

53. By committing these acts and omissions against Plaintiff, TrueAccord and Does were motivated to benefit their principal, Resurgent/LVNV.

54. Resurgent/LVNV is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Resurgent/LVNV including, but

not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

*Summary*

55. Defendants above-detailed conduct in connection with collection of the debt was conduct in violation of numerous and multiple FDCPA provisions including, but not limited to the above-cited provisions.

## TRIAL BY JURY

56. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I-V

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(10), 1692f, and 1692g(b)

57. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

58. The foregoing acts and omissions of Defendants constitute numerous and multiple FDCPA violations with respect to Plaintiff, including, but not limited to each and every one of the above-cited FDCPA provisions.

59. As a result of the FDCPA violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

## COUNT I-V

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(10), 1692f, and 1692g(b)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Defendants, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiff; and

- for such other and further relief as may be just and proper.

7/08/2020

Respectfully submitted,

**SANDRA BENNETT**

/s     Brent S. Snyder
Brent S. Snyder, Esq., BPR #021700
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
Brentsnyder77@gmail.com

s/     Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com

Attorneys for Plaintiff